## THOMPSON vs. GATES.

1. The sureties in an attachment bond are not liable for the costs ac-
   cruing on a trial of the right of property between the plaintiff and a
   third person who interposes a claim to the property levied on under
   the attachment.

ERROR to the Circuit Court of Mobile.   Tried before the
Hon. John Bragg.

BLOCKER, for the plaintiff:  The ruling of the Circuit Court,
in vacating the judgment against G. B. Gates for costs, was
erroneous.   By becoming security for the plaintiff in the at-
tachment, he stipulates to carry on the suit to effect, and the
law provides, his liability shall be the same as that of his prin-
cipal.—Clay's Dig. 60, § 27.

LOCKWOOD, for the defendant:

The attachment bond was made to Gurley only, and to him alone is the security to the bond liable. Thompson is no party to the bond, and can have no claim whatever on the security. The common law fixes no liability outside the bond, and I have not been able to find any statute creating such liability on the security.

It is possible Thompson may have a claim against the plaintiff in the attachment for a trespass. G. B. Gates, the security, was not privy to the trespass—he did not procure the attachment to be levied on the goods of Thompson, who is no party to the bond, or original proceedings in the attachment. Thompson, therefore, has no claim on the security, either for costs or damages in this case.

The last clause of the 27th section, p. 60, Clay's Digest, states that the "security shall be subject to all the liabilities of the *principal* in the bond." That clearly has reference to the *bond*, and is *confined* to the bond. It cannot mean that the security to the bond shall be subject to all the liabilities of the *plaintiff* in the attachment, arising in any manner from the attachment. Such has not been the construction, or the decisions of this court on that subject. The security to the bond given by the claimant to try the right of property levied on, is not liable for costs.—Hooper v. Pair, 3 Port. 405.

PARSONS, J.—An original attachment was sued out in favor of Hezekiah Gates against the estate of one Gurley, returnable to the Circuit Court of Mobile. George B. Gates was the plaintiff's surety in the bond required by the statute to obtain the attachment. The attachment was levied on certain personal property as the property of the defendant in the attachment. This was claimed by Thompson, the plaintiff in error; an issue was made for the trial of the right of this property between the plaintiff in attachment and Thompson, and the verdict was in Thompson's favor. The court below decided that there could be no judgment against George B. Gates for the costs of this trial; and this is now assigned as error. The statute makes the surety in the attachment bond subject to all the liabilities of the principal in the bond.—Clay's Dig. 60, § 27. But the bond is required to be made payable to the

defendant in the attachment and is intended solely for his indemnity. The condition of this bond concludes in the following language : " Now if the said Gates shall prosecute his attachment to effect, and pay to said Gurley all such damages as he may sustain by the wrongful or vexatious suing out thereof, then the above obligation to be void; otherwise to remain in full force and effect." The section, therefore, which subjects the surety to all the liability of his principal, must be so construed as to extend only to the liability for which the bond was required. It is of no importance to the defendant in the attachment, whether Thompson ever gets his costs of the trial of the right of property. Let the judgment be affirmed.